**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **STEVEN THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-CV-169-GLJ** |
| | ) | |
| **PUBLIC SERVICE COMPANY OF OKLAHOMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant Public Service Company of Oklahoma's Renewed/Re-Urged Motion to Dismiss and Brief in Support [Docket No. 17]. Plaintiff's action to establish a prescriptive avigation easement over the Defendant's easement on a neighbor's adjoining property was removed from Carter County, Oklahoma. Defendant seeks the dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(6) & (7) because it argues Plaintiff cannot acquire a prescriptive avigation easement as a matter of law, Plaintiff fails to join a necessary party, Plaintiff is not the proper party in interest, and Plaintiff is not entitled to injunctive relief. *See* Docket No. 17. For the reasons set forth below, the Defendant Public Service Company of Oklahoma's Renewed/Re-Urged Motion to Dismiss and Brief in Support [Docket No. 17] is GRANTED.

### Procedural Background

Plaintiff filed his action seeking a declaratory judgment that he has an arial or avigation easement over Defendant's electric transmission lines located on Plaintiff's

adjoining neighbor's property. *See* Docket No. 2, Ex. 2. Plaintiff has operated a Federal Aviation Administration approved airport, Coby Field Airport (OK24), on his property in Carter County, Oklahoma since 2007. *Id*. Defendant owns and operates an 88-mile 345kV electric transmission line between Kiowa, Oklahoma and Lone Grove, Oklahoma. *See* Docket No. 17, p. 2. Defendant's electrical line crosses a property adjacent to the property on which Coby Field Airport is located, which is owned by D&H Cattle Company, Inc. ("D&H Property"). *Id*. In 1982 Defendant obtained a recorded right-of-way easement on the D&H Property to construct and operate poles and transmission lines. *See* Docket No. 2, Ex. 3.

Plaintiff alleges that the flight path for takeoffs and landings for Colby Field Airport extends over the top of Defendant's existing poles and transmission lines. *Id*., Ex. 2. Defendant recently began a modernization project on the transmission line to include installing new taller metal poles. *Id*., Ex. 3. Plaintiff alleges that the raised height of the new poles and powerlines will interfere with access to the Colby Field Airport. *Id*., Ex. 2. Plaintiff further alleges that his use of the airspace above Defendant's poles and power lines for the past 19 years establishes an avigation easement and prevents Defendant's ongoing modernization project because it will interfere with takeoffs and landings at Plaintiff's airport. *Id*. Plaintiff also seeks injunctive relief preventing Defendant's construction project. *Id*.

## Analysis

### I. Dismissal Under Fed. R. Civ. P. 12(b)(7)

Defendant first argues that the action must be dismissed under Fed. R. Civ. P. 12(b)(7) because D&H Property, the owner of the adjacent property on which Defendant has its easement, is not joined as a party. Specifically, Defendant argues that the requested avigation easement would encumber the underlying property and not just Defendant's easement, and, therefore, any judgment in this matter is incomplete and non-binding as to D&H Property. *See* Docket No. 17, pp. 10-11. Plaintiff responds that D&H Property is not a necessary party because it never disputed his use of the airspace above its property and because he is only claiming an avigation easement through Defendant's easement. *See* Docket No. 20, pp. 3-4.

Rule 12(b)(7) provides for dismissal of an action for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Determining whether an action should be dismissed under Rule 19 involves a three-part analysis. *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001); *see also Rishell v. Jane Phillips Episcopal Memorial Medical Center*, 94 F.3d 1407, 1411 (10th Cir. 1996), *cert. denied*, 520 U.S. 1166 (1997). First, the Court determines whether the prospective party is "required to be joined" under Fed. R. Civ. P. 19(a). *Id*. The Court next must determine whether the required party can be feasibly joined. *Id*. Finally, if a required party cannot be feasibly joined, the Court must determine under Rule 19(b) whether the required-but-not-feasibly-joined party is indispensable: so critical to the action that the action cannot "in equity and good conscience" proceed in that party's absence. Fed. R. Civ. P. 19(b). As the proponent of the

12(b)(7) motion, Defendant has "the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) (internal citation omitted). Defendant's burden can be satisfied by providing "affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Id*.

An absent party is a required party in an action if: (1) "in that person's absence, the court cannot accord complete relief among existing parties" or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" either "as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). "[I]n an action for declaratory judgment all persons interested in the declaration are 'necessary' parties." *Harris v. Quinones*, 507 F.2d 533, 537 (10th Cir. 1974) (citing *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653 (10th Cir. 1946)).

The Court agrees that D&H Property is a required party to this declaratory judgement action. Contrary to Plaintiff's argument, granting a declaratory judgment that there is an avigation easement over the disputed property would be an encumbrance on the D&H Property as it could limit its future use. "An easement creates a legal relationship between two parties. The easement holder is referred to as the dominant estate; and the owner of land subject to an easement is known as the servient estate." *Logan County Conservation District v. Pleasant Oaks Homeowners Assoc.*, 374 P.3d 755, 761 (Okla.

2016) (citing *Bouziden v. Alfalfa Elec. Coop., Inc.*, 2000 OK 50, ¶ 16, n. 10, 16 P.3d 450, 456. Any avigation easement over Defendant's poles and powerlines would necessarily create a relationship between not just Plaintiff and Defendant, but also Plaintiff and D&H Property as the servient estate. Under the avigation easement, D&H Property would be encumbered because it would be prohibited from utilizing its property in a way that interferes with Plaintiff's permitted use. *Id.* at 761-62 (citing Restatement (Third) of Prop, Servitudes §§ 4.9–4.10 (2000)). Indeed, although it is not alleged in Plaintiff's Petition, it is reasonable to infer that Plaintiff's alleged avigation easement extends onto the D&H Property beyond that covered by Defendant's easement. Thus, not naming D&H Property as a party to Plaintiff's suit impairs or impedes its ability to protect its interest and complete relief could not be granted Plaintiff. *See* Fed. R. Civ. P. 19(a)(1)(A) & (a)(1)(B)(i). "There need only be substantial risk and not certainty that the considered events of Rule 19(a) come to pass." *Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 877 (10th Cir. 1981) (citing *Window Glass Cutters League of America, AFL/CIO v. American St. Gobain Corp.*, 428 F.2d 353 (3rd Cir. 1970)). Moreover, Plaintiff's argument that D&H Property is not necessary because it never disputed his use of the airspace over the property for takeoffs and landings from Coby Field Airport undermines his claim: if Plaintiff's airspace use was permitted by D&H Property, then such use could not be adverse and no avigation easement by prescription could be obtained. *See* Part II.B, *infra*.

Although D&H Property is a required party, Defendant fails to meet its remaining burden under Rule 19. Defendant does not offer any evidence as to the remaining two parts of the analysis: feasibility and indispensability. *Citizen Potawatomi Nation*, 248 F.3d at

997. The Court declines to speculate as to these two factors and, therefore, declines to dismiss the case for failure to join a necessary party.

## II. Dismissal Under Fed. R. Civ. P. 12(b)(6)

### A. Legal Standard

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Practically, this means that the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "In considering whether the complaint's allegations are sufficient, the court first eliminates conclusory allegations, mere 'labels and conclusions,' and any 'formulaic recitation of the elements of a cause of action.'" *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678) (quoting *Twombly*, 550 U.S. at 555). "The court then accepts as true all well-pled factual allegations and considers 'whether they plausibly give rise to an entitlement to relief.'" *Id*. (quoting *VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1159 (10th Cir. 2021)).

When reviewing a motion to dismiss under Rule 12(b)(6), the Court "'must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d

1194, 1201-1202 (10th Cir. 2011) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

**B. Avigation Easement By Prescription**[1]

Defendant argues that Plaintiff cannot establish an avigation easement by prescription because the disputed airspace is owned by the public under federal law. As a result, Defendant argues that Plaintiff's use of the airspace above the adjoining property and Defendant's poles and powerlines was permissive and Plaintiff cannot establish the adverse element for prescriptive easement. *See* Docket No. 17, pp. 5-6. Plaintiff argues that he established a prescriptive avigation easement because planes have taken off and landed from Coby Field Airport over the D&H Property and Defendant's poles and powerlines for 19 years with Defendant's knowledge and acquiesce. *See* Docket No. 20, pp. 2-3.

"In Oklahoma, easements may be acquired by prescription." *Schafer v. Centerpoint Energy Oklahoma Gas*, 2018 WL 10140171, at *4 (N.D. Okla. May 21, 2018) (citing *Frater Oklahoma Realty Corp. v. Allen Laughon Hardware Co.*, 245 P.2d 1144, 1147

[1] Although Plaintiff never uses the phrase "prescriptive easement" in his Petition, a plain reading of the Petition offers no other basis for asserting an avigation easement except through the open and continuous takeoffs and landings over the adjoining landowner's property and Defendant's poles and powerlines during a 19-year period. *See* Docket No. 2, Ex. 2. In Plaintiff's Response to Defendant's Motion to Dismiss, however, he expressly states his avigation easement is "an adverse easement in the disputed airspace over Defendant's power line." *See* Docket No. 20, p. 3.

(Okla. 1952)); Okla. Stat. tit. 60, § 333). Establishing a prescriptive easement is generally the same as establishing an easement by adverse possession. *Id*. (citing *Willis v. Holley*, 925 P.2d 539, 540 (Okla. 1996)). To establish adverse possession, "the claimant must show that possession was [1] hostile, [2] under a claim of right or color of title, [3] actual, [4] open, [5] notorious, [6] exclusive, and [7] continuous for the statutory period of fifteen years. The party claiming title adversely has the burden of proving every element by clear and positive proof. In questionable cases, presumptions favor the record title holder." *Id*. (quoting *Akin v. Castleberry*, 286 P.3d 638, 642–43 (Okla. 2012)).

"[T]he element of 'hostility' does not go to the state of mind of the claimant, but rather the nature, viewed objectively, of the claimant's possession. The essence is that the claimant's possession must be hostile to, or clearly inconsistent with, ownership by the record owner." *Id*. (quoting Malcolm E. Rosser IV & Elizabeth Moseley Guse, *Adverse Possession in Oklahoma: An Idea Whose Time Has Come and Gone?* 72 Okla. Bar Journal 713, 714 (2001)). "If the owner acquiesces in or consents to the use of the land, then the use is not adverse and title by prescription cannot be acquired." *Willis*, 925 P.2d at 541; *see also Zimmerman v. Newport*, 416 P.2d 622, 629–30 (Okla. 1966) ("However exclusive and however long endured, permissive possession can never ripen into title . . . . Possession under a license or agreement granting the right of occupancy is not adverse; the license or agreement precludes the possibility of a claim of adverse possession").

Thus, to establish his prescriptive avigation easement, Plaintiff must prove that his use of the airspace through or above Defendant's easement was hostile or adverse. As Defendant notes, "[t]he United States Government has exclusive sovereignty of the

airspace of the United States[,]" and "[a] citizen of the United States has a public right of transit through the navigable airspace." 49 U.S.C §§ 40103(a)(1) & (2). Moreover, "'navigable airspace' means airspace above the minimum altitudes of flight prescribed by regulations under this subpart and subpart III of this part, *including airspace needed to ensure safety in the takeoff and landing of aircraft*." 49 U.S.C. § 40102(a)(32) (emphasis added). Based on the facts alleged, the disputed airspace is within navigable airspace as defined by federal law to be within the public domain and such use by Plaintiff is permissive. Indeed, Plaintiff specifically alleges it is the flight path of aircraft over Defendant's poles and powerlines that will be impeded by the taller poles. *See* Docket No. 2, Ex. 2 at ¶¶ 17-18. Such flight path is necessarily in "navigable airspace." 49 U.S.C §§ 40102(a)(32). Therefore, because the use is permissive, Plaintiff cannot satisfy the adverse or hostile element to establish a prescriptive avigation easement.

This contrasts with *United States v. Causby*, 328 U.S. 256 (1946), which held that flights at low altitude could constitute a taking if utilizing the airspace considered to be private and not public. *Causby* further noted that:

> the flights in question were not within the navigable airspace which Congress placed within the public domain. If any airspace needed for landing or taking off were included, flights which were so close to the land as to render it uninhabitable would be immune. But the United States concedes, as we have said, that in that event there would be a taking. Thus, it is apparent that the path of glide is not the minimum safe altitude of flight within the meaning of the statute. The Civil Aeronautics Authority has, of course, the power to prescribe air traffic rules. But Congress has defined navigable airspace only in terms of one of them—the minimum safe altitudes of flight.

*Id*. at 264. Subsequently, Congress amended the statutory definition of "navigable airspace" to specifically include "airspace needed to ensure safety in the takeoff and

landing of aircraft[,]" 49 U.S.C. § 40102(a)(32), which has been the definition during the relevant period in this case.

Although Oklahoma courts have not ruled on whether a prescriptive avigation easement is possible in Oklahoma, several courts have ruled that it cannot be established under federal law. *See*, *e.g.*, *Fiese v. Sitorius*, 526 N.W.2d 86, 88 (Neb. 1995) (Federal statute granting public right of freedom of transit through navigable airspace including space needed to insure safety in takeoff and landing of aircraft prevents acquisition of avigation easement by prescription and because use is permissive there is no private right of action to protect right to use navigable airspace over land of another; the sole remedy is filing a complaint with Secretary of Transportation or Civil Aeronautics Board); *County of Westchester, N.Y. v. Com'r of Transp. Of State of Conn.*, 9 F.3d 242 (2nd Cir. 1993), *cert. denied*, 511 U.S. 1107 (1994) (Because federal law prohibits landowners from obtaining injunctive relief against aircraft using navigable airspace of the United States, plaintiff could not acquire prescriptive rights); *Air Pegasus of D.C., Inc. v. United States*, 424 F.3d 1206, 1218 (Fed. Cir. 2005) (The "'background principles' of long-standing federal property law indicate that there is no private property right in the navigable airspace of the United States. For that reason, we hold that Air Pegasus does not have a cognizable property interest in its alleged right to access the navigable airspace.").

Instead of addressing the argument and cases cited by Defendant, Plaintiff cites to several cases that enjoined neighboring landowners from constructing items that interfered with the use of existing airports that are distinguishable or otherwise inapplicable to the facts in this matter. *See* Docket No. 20, p. 5. For example, *Commonwealth v. VonBestecki*,

30 Pa. D. & C. 137 (Pa. 1937), 1937 WL 1905, enjoined the erection of a wooden tower on land adjoining a Commonwealth owned airport that interfered with takeoffs and landings as a public nuisance, but acknowledged that low flights over the adjoining land could be a trespass or a private nuisance. *VonBestecki* did not involve a prescriptive avigation easement and was decided before *Causby* affirmed navigable airspace was accessible by the public and the statutory inclusion of airspace to safe takeoffs and landings in federal law. *Id.*[2] Similarly, in *Oakley v. Simmons*, 799 S.W.2d 669 (Tenn. Ct. App. 1990), owners of a private airstrip brought an action against an adjoining landowner to require removal of a light pole of 40 feet in the flight path. The Tennessee Court of Appeals upheld the judgment on a jury verdict finding the pole to be a nuisance under a specific Tennessee statute and the entry of injunctive relief. *Id.* at 671-72. Like *VonBestecki*, *Oakley* did not involve a prescriptive avigation easement or address the federal definition of navigable airspace.

Lastly, Plaintiff argues Defendant's position rests on a legal conclusion that is inappropriate at the motion to dismiss stage. *See* Docket No. 20, p. 1. Plaintiff is correct that in assessing a claim's plausibility, legal conclusions contained *in the complaint* are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The determinative issue here is not whether Plaintiff alleges facts sufficient to state a plausible claim for prescriptive avigation easement, but whether,

---

[2] Plaintiff also references *Iowa City v. Tucker* as an Iowa District Court case from 1936 but provides no citation. The Court was unable to locate such a case and, therefore, it is not addressed here except to note it also predates *Causby*.

when the applicable law is applied to the alleged facts, Plaintiff asserts a plausible claim. Thus, the resolution of the Motion to Dismiss hinges on a question of law not the adequacy of the facts pled. In deciding a motion to dismiss, the Court "'must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief *under the legal theory proposed*.'" *Commonwealth Prop. Advocates,* 680 F.3d at 1201-1202 (10th Cir. 2011) (emphasis added) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). Such an analysis necessarily includes interpreting and applying the applicable law. Although Oklahoma has not ruled on the permissibility of a prescriptive avigation easement, the undersigned's interpretation of federal law agrees with those cases holding that avigation easements cannot be obtained by prescription under the facts presented in this case because Plaintiff's use of the navigable airspace at issue was permissive. Thus, Plaintiff cannot satisfy the adverse or hostile element necessary to obtain a prescriptive easement under his proposed legal theory.

**C. Remaining Arguments**

Defendant also argues the case should be dismissed because Plaintiff is not a proper party in interest under Fed. R. Civ. P. 17(a) and because the Petition fails to allege facts sufficient to support an injunction as a separate claim. *See* Docket No. 17, pp. 11-13. Because the Court finds Plaintiff does not state a prescriptive avigation easement claim under Fed. R. Civ. P. 12(b)(6), it declines to rule on these additional grounds.

## III. Leave to Amend

Although Plaintiff does not move for leave to amend, any such leave would nonetheless be denied. Rule 15(a)(2) requires the Court to "freely give leave [to amend]

when justice so requires." Although amendments should be freely permitted, leave may not be appropriate where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008); *see also Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999). Moreover, a proposed amendment to a complaint is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss. *See Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239 (10th Cir. 2001); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir.1999).

Because the dismissal of Plaintiff's claim for a prescriptive avigation easement turns on the interpretation and application of the law, pleading additional facts cannot salvage Plaintiff's claim. Under federal law, Plaintiff cannot establish the adverse or hostile element necessary to obtain the prescriptive easement he claims. Therefore, any amendment would be futile and leave to amend is denied.

## CONCLUSION

Accordingly, as set forth herein, Defendant Public Service Company of Oklahoma's Renewed/Re-Urged Motion to Dismiss and Brief in Support [Docket No. 17] is GRANTED and this case is dismissed WITH PREJUDICE.

DATED this 30th day of September, 2026.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**